**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Vincent Grant,                                            Case No. 1:11CV942

               Petitioner

v.                                                 **ORDER**

Edward Sheldon, Warden,

               Respondent

This is a state prisoner habeas corpus proceeding in which the Magistrate Judge filed an R&R recommending denial of the petition. (Doc. 19). Pending is petitioner's objection to the Report and Recommendation. (Doc. 22). For the reasons that follow, and based on *de novo* review of the record, the Report and Recommendation, and petitioner's objection and respondent's response, I overrule the objection, adopt the Report and Recommendation and dismiss the petition.

The petitioner has not objected to everything in the Magistrate Judge's Report and Recommendation. Rather, he objects only to the finding that his ineffective assistance of appellate counsel claims are procedurally barred. In support of his contention, he argues that the Ohio

Supreme Court's August 24, 2011 decision in his state criminal proceeding shows he properly exhausted those claims.

The August 24, 2011 Ohio Supreme Court decision pertains to Grant's Ohio App. R. 26(B) application to reopen his direct appeal based on an ineffective assistance of counsel claim. As the Magistrate Judge correctly noted, Ohio App.R. 26(B)(2)(d) requires a sworn statement to an application to reopen a direct appeal. Petitioner failed to satisfy this requirement. Ohio's Eighth District Court of Appeals subsequently enforced this well-established rule and denied Grant's Ohio App.R. 26(B)(2)(d) application to reopen.

Nonetheless, because petitioner based his Rule 26(B) application on a claim of ineffective assistance of appellate counsel, the appellate court had to look to the merits in some fashion in order to comply with the review standard of *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Such cursory review does not, however, "supersede the procedural bar." *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004).

The appellate court ruled the Rule 26(B) application was procedurally flawed. Thus, "that . . . [is] the end of the matter," regardless of whether the appellate court also addressed the merits. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

The Ohio Supreme Court subsequently denied Grant's appeal because it did not involve any substantial constitutional question. I must assume that the Ohio Supreme Court did not ignore its own procedural rules and enforced the procedural bar; its silence implies consent. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). No basis exists in his first objection, moreover, to excuse the procedural bar.

Grant's second objection appears to be that his procedural defaults should be excused based

on *Lafler v. Cooper*, 566 U.S. ___, 132 S.Ct. 1376 (2012) and *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399 (2012). Grant erroneously claims that the two decisions expand his constitutional rights and preclude the state court from applying its procedural rule and preclude this court from foreclosing habeas review based on the failure to exhaust.

In *Lafler* and *Frye*, the Supreme Court reaffirmed the existing constitutional right to effective counsel in the plea bargaining process. But neither case benefits Grant.

The Court in *Frye* confirmed that defense counsel has a duty to communicate formal plea offers, the terms and conditions of which may be favorable to the defendant. Allowing an offer to expire without advising the defendant or allowing him to consider it constitutes ineffective assistance. 566 U.S. at ___, 132 S.Ct. at 1408.

In *Lafler* the Court prescribed how to apply the *Strickland* prejudice test when ineffective assistance of counsel lead to rejection of a plea offer and trial results in a conviction. *Id.* at ___, 132 S.Ct. at 1388. Here Grant has not shown prejudice, as he has not alleged or demonstrated that the outcome would have differed had he insisted on going to trial or that his plea was rendered involuntary by counsel's performance.

Furthermore, Grant has not alleged or sufficiently demonstrated that his counsel failed to relay a plea offer, that there were any plea offers other than the offer that Grant accepted or that counsel's strategic advice to accept the offered plea was unconstitutionally deficient. Consequently, *Frye* and *Lafler* do not support rejection of the Magistrate Judge's Report and Recommendation

**Conclusion**

For the foregoing reasons, I find the petitioner's objections to the Magistrate Judge's Report and Recommendation without merit. It is, accordingly,

ORDERED THAT:

1. The Magistrate Judge's Report and Recommendation (Doc. 19) be, and the same hereby is adopted and incorporated herein;

2. The petition for writ of habeas corpus be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
Sr. United States District Judge